Mingzi Ouyang, Esq. (SBN 314334)
Valley & Summit Law
One Park Plaza, Suit 600
Irvine, CA 92614
Tel: (909) 248 4522
E-Mail: Marjorie.ouyang@valleysummitlaw.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN STAR NO.6 TECHNOLOGY CO., LTD. <br>     Plaintiff, <br><br>       v. <br><br> GREEN LIGHT INNOVATIONS INC. <br><br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.: 1:26-cv-05284

**COMPLAINT**

Plaintiff Shenzhen Star No.6 Technology Co., Ltd. ("Plaintiff") hereby brings the present action against Defendant Green Light Innovations Inc. ("Defendant") and alleges as follows:

### I. INTRODUCTION

1. Plaintiff brings this action for a declaration of noninfringement and invalidity of Defendant's patent U.S. Patent No. 9,153,150 ("'150 Patent").

2. Plaintiff also brings this action against Defendant for false complaints, business libel, and malicious interference with business operations.

### II. PARTIES

3. Plaintiff Shenzhen Star No.6 Technology Co., Ltd. is a Chinese company engaged in the business of manufacturing, distributing, and selling LED lighting products globally, including

within the United States, through its Amazon storefront under the name "StarNo.6" One of Plaintiff's key products is an illuminated LED "OPEN" sign (the "Plaintiff's Product") as shown below.



4. Defendant Green Light Innovations Inc. is a corporation organized under the laws of the State of Missouri, with its principal office located at 8651 Highway N, Suite 228, Lake St. Louis, MO 63367. Upon information and belief, Defendant is the owner and assignee of the '150 Patent.

### III. NATURE OF THE ACTION

5. This action seeks declaratory judgment of patent invalidity and noninfringement under 28 U.S.C. § 2201(a) and 35 U.S.C. §102(a)(1).

6. In addition, this action asserts claims for tortious interference with business relations or prospective economic advantage.

7. Lastly, this action asserts claims for violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2.

### IV. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

10．Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and § 1400 because Defendant conducts business in this District and the acts complained of herein occurred in this District. Defendant has purposefully directed its enforcement activities, including submitting Amazon IP complaints, toward sellers conducting business within this District.

### V. GENERAL FACTS

11．Plaintiff has operated its Amazon storefront for a substantial period of time and has developed a stable business selling LED lighting products, including illuminated "OPEN" signs, to customers in the United States. Plaintiff has established ongoing commercial relationships with Amazon and its customers and has maintained active product listings for its cleaning pad products.

12．The '150 Patent, titled "Lighting Assembly Having Enhanced Visual Appearance," was filed on June 14, 2013 and issued on October 6, 2015. Upon information and belief, the '150 Patent lacks novelty and is invalid under 35 U.S.C. § 102(a)(1), as similar lighting products were publicly available prior to its filing date.

13．Despite knowledge or reason to know that the Patent is invalid and not infringed, Defendant has repeatedly and maliciously filed baseless complaints with Amazon.com alleging infringement of the Patent by Plaintiff's Product. These complaints have resulted in the wrongful delisting and removal of Plaintiff's product listings, causing significant disruption to Plaintiff's business operations and reputational harm.

14．Amazon's IP complaint system allows rights holders to enforce their intellectual property by submitting facially valid certificates, such as the disputed U.S. patent registration here. Upon receipt of such a complaint, Amazon typically removes or disables the accused product listings immediately, without prior notice to the seller. The affected inventory is frozen

3

in Amazon's fulfillment centers, and the seller is rendered unable to fulfill orders or generate sales revenue from the impacted products. Although accused sellers are permitted to submit non-infringement analyses or rebuttal evidence, Amazon generally presumes the validity of facially effective patents and gives significant deference to the complainant's representations. As a result, sellers often have no meaningful recourse through Amazon's internal procedures, and the takedowns remain in effect regardless of the merits of the infringement allegation.

15．On or about September 24, 2024 through October 18, 2024, Defendant submitted a first series of Amazon IP Complaints targeting Plaintiff's listings, including but not limited to ASINs B0CGDFDZ2P, B0C38TSCH9, B0BY4RCK86, B0CGDGJKFL, B0BW47NHVD, and B0BW46RFJM, resulting in removal of such listings. Plaintiff submitted a non-infringement analysis prepared by U.S. patent counsel, and Amazon reinstated the listings.

16．On or about September 16, 2025 through September 25, 2025, Defendant submitted a second series of Amazon IP Complaints targeting the same or similar listings, including but not limited to ASINs B0BW47NHVD, B0C4T6PVY1, B0CHJS2CLT, and B0BY4RCK86. Plaintiff again submitted a non-infringement analysis demonstrating that the accused products do not infringe the '150 Patent, and Amazon reinstated the listings.

17．On or about March 13, 2026 through March 14, 2026, Defendant submitted an additional Amazon IP Complaint, identified as Complaint ID 19472496781, targeting Plaintiff's listings, including but not limited to ASINs B0BY4S7WJD, B0BW47NHVD, and B0BW46RFJM. Following this complaint, Amazon refused to accept further non-infringement submissions and required either a court order or a retraction for reinstatement of Plaintiff's listings.

18. In response, Plaintiff obtained independent legal analyses from U.S. patent counsel concluding that the Patent is invalid and not infringed.

19. The '150 Patent requires, among other things, a "light barrier" configured to prevent interference between light sources. Plaintiff's Product does not include such a light barrier and therefore does not infringe the '150 Patent. Plaintiff has obtained multiple non-infringement analyses from U.S. patent counsel confirming this conclusion.

20. Despite knowledge of these facts, Defendant continued to submit complaints to Amazon.

21. Due to Defendant's false complaints, Amazon removed Plaintiff's Product listings and rendered Plaintiff unable to sell its products. Plaintiff's inventory became unsellable and business operations were disrupted.

22. Upon information and belief, Defendant has engaged in a pattern of abusing Amazon's intellectual property enforcement system to exclude competitors from the marketplace.

23. Plaintiff has operated its Amazon storefront for multiple years, maintained ongoing customer relationships, and developed a stable business.

24. Defendant had knowledge of Plaintiff's business and intentionally targeted Plaintiff's listings through repeated complaints.

25. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered substantial economic harm, including lost profits, lost sales, disruption of business operations, and reputational damage.

26. Plaintiff continues to suffer harm, including the risk of further listing removals and continued loss of revenue.

**COUNT I**
**DECLARATORY JUDGMENT OF PATENT INVALIDITY**
**AND NON-INFRINGEMENT**

**(28 U.S.C. §§ 2201, 2202; 35 U.S.C. §§271, 282)**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. Pursuant to 28 U.S.C. § 2201(a), in a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and legal relations of any interested party.

29. Plaintiff's Product has been sold in the marketplace, and Defendant has asserted the '150 Patent against Plaintiff through Amazon complaints, creating a real and immediate controversy.

30. Defendant's Patent is invalid due to prior art and lack of novelty.

31. Plaintiff's Product does not infringe the Patent.

**COUNT II**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS OR PROSPECTIVE**
**ECONOMIC ADVANTAGE**

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33. Under Illinois law, a claim for tortious interference with prospective economic advantage requires: (1) a reasonable expectancy of entering into a valid business relationship; (2) Defendant's knowledge of that expectancy; (3) Defendant's intentional and unjustified interference; and (4) resulting damages. *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 511 (1991).

34. Plaintiff had a valid and reasonable business expectancy in maintaining its Amazon listings and continuing to sell its products through its Amazon storefront, including ongoing relationships with customers and prospective purchasers.

35. Defendant knew of Plaintiff's business expectancy, as evidenced by Defendant's repeated submission of Amazon IP complaints specifically targeting Plaintiff's product listings.

36. Defendant intentionally and unjustifiably interfered with Plaintiff's business expectancy by submitting multiple patent infringement complaints against Plaintiff's listings, including the third complaint identified as Complaint ID 19472496781, despite Plaintiff's prior successful reinstatements based on non-infringement determinations.

37. Defendant's repeated complaints were unjustified and made in bad faith, as Plaintiff had already demonstrated through prior non-infringement analyses prepared by U.S. patent counsel that its products do not infringe the '150 Patent.

38. As a direct and proximate result of Defendant's conduct, Amazon removed Plaintiff's listings and refused to reinstate them absent a court order or retraction, thereby preventing Plaintiff from continuing its business relationships and prospective sales.

39. Plaintiff has suffered damages as a result of Defendant's interference, including but not limited to lost sales, lost business opportunities, reputational harm, and disruption of its Amazon business operations.

40. Defendant's conduct was willful, intentional, and without justification, entitling Plaintiff to damages and other relief as permitted by law.

## COUNT III
## VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICE ACT

(815 ILCS 510/2)

41. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

42. The Illinois Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2, prohibits, among other things, conduct that disparages the goods, services, or business of another by false or misleading representations of fact.

43. Defendant engaged in deceptive trade practices by submitting false and misleading patent infringement complaints to Amazon, asserting that Plaintiff's products infringe the '150 Patent when, in fact, they do not.

44. Defendant's repeated submission of such complaints, including after Plaintiff's prior successful reinstatements based on non-infringement determinations, constitutes a pattern of conduct designed to mislead Amazon and harm Plaintiff's business.

45. Defendant's conduct created a likelihood of confusion and misunderstanding as to the alleged infringing nature of Plaintiff's products and improperly interfered with Plaintiff's ability to continue selling its products on Amazon.

46. As a direct and proximate result of Defendant's deceptive trade practices, Plaintiff has suffered and continues to suffer irreparable harm, including loss of sales, loss of business opportunities, and damage to its business reputation.

47. Plaintiff is entitled to injunctive relief and any other relief permitted under the Illinois Deceptive Trade Practices Act.

**JURY DEMAND**

48. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff on all causes of action;

8

2．An order enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with it from submitting further false or misleading complaints to Amazon, and from further tortious interference with Plaintiff's business relations;

3．An order directing any third-party platforms, including but not limited to Amazon, to reinstate and reopen any listings, advertisements, or sales channels operated by Plaintiff in connection with Plaintiff's products;

4．An order requiring Defendant to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which it has complied with the injunction;

5．An award of damages adequate to compensate Plaintiff for Defendant's wrongful acts;

6．Such other and further relief as the Court may deem just and proper.

Dated: May 6, 2026

Respectfully submitted,

*/s/ Mingzi Ouyang*
Mingzi Ouyang
VALLEY & SUMMIT LAW
One Park Plaza
Irvine, CA 92614
marjorie.ouyang@valleysummitlaw.com
(909) 248 4522
Attorney for Plaintiff